Case 4:16-cv-02618 Document 20 Filed in TXSD on 01/04/17 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 04, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHEJUANA GUIDRY and WARWICK GUIDRY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2618 |
| WELLS FARGO BANK, N.A., | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Dismiss and Memorandum of Law in Support ("Motion to Dismiss") (Docket Entry No. 16). Plaintiff has not responded to Defendant's Motion to Dismiss, and the motion is therefore treated as unopposed.[1] But failure to oppose the motion is not in itself grounds for granting the motion. Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted. Id. Accordingly, the merits of the Motion to Dismiss are discussed below.

---

[1] See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond will be taken as a representation of no opposition.").

## I. <u>Factual and Procedural Background</u>

Plaintiffs Chejuana and Warwick Guidry allege[2] that in April of 2006 Plaintiff[3] obtained a mortgage loan from Wells Fargo Bank, N.A. ("Wells Fargo") secured by Plaintiff's principal residence ("the Property"). Plaintiff defaulted on the note in the fall of 2012. Plaintiff applied for a loan modification under the Home Affordable Mortgage Program ("HAMP"), believing that doing so would forestall foreclosure while the application was pending. Between October of 2012 and May of 2013 Plaintiff completed two applications and submitted supplemental income documentation at Defendant's request.

In May of 2013 Defendant notified Plaintiff that a foreclosure sale would take place on June 4, 2013. Defendant continued to request documentation in support of the loan modification application. Plaintiff received another notice of foreclosure sale on July 15, 2013.

On August 2, 2013, Plaintiff spoke with an unnamed representative of Defendant and a representative from the government-sponsored HOPE hotline. Plaintiff was told that no foreclosure sale would occur until her modification application was

---

[2]Factual allegations are taken from Plaintiffs' Original Complaint & Application for Injunctive Relief ("Plaintiffs' Complaint"), Docket Entry No. 1, pp. 2-3 ¶ 6.

[3]Plaintiffs' Complaint uses the singular "Plaintiff" and plural "Plaintiffs" interchangeably without explanation. The court attempts to track the pleadings for consistency where doing so does not introduce confusion.

either granted or denied. Defendant foreclosed on the Property on August 6, 2013, at a non-judicial foreclosure sale for $10.00.

Plaintiff alleges claims for breach of contract, promissory estoppel, and wrongful foreclosure. Plaintiff also seeks declaratory and injunctive relief and attorney's fees. Defendant moves to dismiss all claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Each claim will be analyzed under the standard of review set forth below.

## II. Applicable Law

Under the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's pleading must provide the grounds of his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co. (Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

### III. Application

**A. Breach of Contract**

"Under Texas law, the elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and

(4) damages sustained by the plaintiff as a result of the breach." <u>Sport Supply Group, Inc. v. Columbia Casualty Co.</u>, 335 F.3d 453, 465 (5th Cir. 2003) (citations omitted).

Plaintiff's claim is based on Defendant's alleged failure to perform under the "agreement based on the modification application." Plaintiff references the following language in the letters from Wells Fargo dated October 31, 2012, and November 30, 2012:

> We'll continue to work with you to help you avoid a foreclosure sale. If your mortgage has not been referred to foreclosure while we are working with you and reviewing your documents, you will not be referred to foreclosure while the application is pending. If your mortgage has been referred to foreclosure, if allowed by state law and/or investor guidelines, your home will not be sold at a foreclosure sale.

(Exhibit B-1, Attachment 4, Docket Entry No. 1-3, pp. 54, 57) Plaintiff alleges that she performed under the contract by pursuing the application, that Defendant breached the contract by foreclosing, and that she suffered damages, including lost opportunities to pursue other forms of mitigation, as a result.

Defendant argues that (1) Plaintiff's claim fails because she was in breach of the Deed of Trust or the Note, (2) Plaintiff fails to identify the provisions of the contract that were allegedly breached, and (3) that Plaintiff's claims are barred by the statute of frauds. Defendant's arguments that no valid contract existed fail to address the fact that Plaintiff's claim is predicated on a separate agreement, containing the specific language cited above, and made in writing in the above-referenced letters. Assuming Plaintiff's factual allegations are true and construing all

reasonable inferences in her favor, Plaintiff has stated a facially plausible claim to relief for breach of contract.

**B.   Promissory Estoppel**

To state a claim for promissory estoppel, plaintiffs must plead (1) a promise; (2) foreseeability that plaintiffs would rely on the promise; and (3) substantial reliance to their detriment. Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675, 686 n.25 (Tex. 2003) (citing English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983)). Promissory estoppel is an alternative to a breach of contract claim. Carrillo v. Bank of America, N.A., Civil Action No. H-12-3096, 2013 WL 1558320, at *8 (S.D. Tex. April 11, 2013) (citing Allied Vista, Inc. v. Holt, 987 S.W.2d 138, 141 (Tex. App. -- Houston [14th Dist.] 1999, pet. denied)). "Promissory estoppel does not create a contract where none existed before, but only prevents a party from insisting upon his strict legal rights when it would be unjust to allow him to enforce them." Ford v. City State Bank of Palacios, 44 S.W.3d 121, 139 (Tex. App. -- Corpus Christi 2001, no pet.) (citing "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 937 (Tex. 1972)).

Plaintiffs allege that they "did not pursue other loss mitigation options like short sale, deed in lieu of foreclosure, or alternative financing while [awaiting] the decision from the Bank on the modification application."[4]

---

[4]Plaintiffs' Complaint, Docket Entry No. 1, p. 5 ¶ 10.

Defendant argues that the alleged promise was not sufficiently definite, that Plaintiffs fail to show reasonable or justified reliance, and that Plaintiffs do not show that they did anything in reliance on the alleged promise other than not taking legal or other action to try to preclude foreclosure. Defendant has not established that the promise not to foreclose while the application was pending was indefinite as a matter of law. Nor does Defendant show that Plaintiffs' alleged reliance was unreasonable or unjustified. Finally, Defendant does not cite any authority for the proposition that foregoing action to prevent foreclosure is not sufficient for detrimental reliance. Defendant's statute of frauds argument fails insofar as Plaintiffs' rely on Defendant's written statements. Plaintiff's estoppel claim therefore survives the Motion to Dismiss.

C. **Wrongful Foreclosure**

The three elements of wrongful foreclosure are: "(1) a defect in the foreclosure sale proceedings; (2) a *grossly inadequate selling price*; and (3) a causal connection between the defect and the *grossly inadequate selling price*." Charter National Bank--Houston v. Stevens, 781 S.W.2d 368, 371 (Tex. App. -- Houston [14th Dist.] 1989, writ denied). Plaintiffs cannot maintain an action for wrongful foreclosure while remaining in possession of the property. See Barcenas v. Fed. Home Loan Mortgage Corp., Civil Action No. H-12-2466, 2013 WL 286250, at *7 (S.D. Tex. Jan. 24, 2013) (collecting cases). Plaintiffs allege that they "currently

possess" the Property and have provided no subsequent information to the contrary.[4] They therefore cannot maintain a wrongful foreclosure claim, and this claim will be dismissed.

## D. Declaratory and Injunctive Relief

Plaintiffs seek a declaratory judgment to set aside the foreclosure sale and injunctions to prevent eviction. It is uncontested that the foreclosure sale is complete. "[I]n order to be entitled to have a foreclosure sale set aside in Texas, a plaintiff must actually tender -- not just offer to tender -- the full amount owed on the note." Hill v. Wells Fargo Bank, N.A., Civil Action No. V-12-11, 2012 WL 2065377, at *9 (S.D. Tex. June 6, 2012) (collecting cases). Plaintiffs have alleged no such tender and are therefore not entitled to declaratory relief.

Plaintiffs seek injunctive relief to prevent enforcement of a state court Final Judgment and Writ of Possession. Under the Rooker-Feldman doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." Weaver v. Texas Capital Bank N.A., 660 F.3d 900, 904 (5th Cir. 2011). A state court judgment is attacked for purposes of Rooker-Feldman when the losing party in a state court action seeks "what in substance would be appellate review of the state judgment." Id. (citing Johnson v. De Grandy, 114 S. Ct. 2647, 2654 (1994). This court cannot review the state court's determination of the right to

---

[4]Plaintiffs' Complaint, Docket Entry No. 1, p. 1 ¶ 1.

possession directly. Nor can it enjoin enforcement of the Writ of Possession before the relevant claims are decided. See <u>Knoles v. Wells Fargo Bank, N.A.</u>, 513 F. App'x 414, 416 (5th Cir. 2013) ("The relief sought, in practical effect, would enjoin Wells Fargo from enforcing a valid extant judgment of a Texas court. The district court is denied jurisdiction to grant that relief by the Anti-Injunction Act, 28 U.S.C. § 2283."). This court therefore cannot grant injunctive relief.

### E. Attorney's Fees

Because Plaintiffs' cause of action for breach of contract remains viable, judgment on attorney's fees would be premature. The court will address Plaintiffs' request for attorney's fees at the appropriate time.

### IV. Conclusions and Order

For the reasons explained above, the court concludes that Plaintiffs have pleaded legally cognizable claims for breach of contract or, in the alternative, promissory estoppel. Plaintiffs' wrongful foreclosure claim and requests for declaratory and injunctive relief are **DISMISSED without prejudice**. Defendant's Motion to Dismiss (Docket Entry No. 16) is therefore **GRANTED in part** and **DENIED in part**.

It is the court's normal practice, as has been explained to counsel for Wells Fargo, to allow only one dispositive motion per party, and the court sees no legitimate reason to make an exception

in this case.  There will therefore be no further dispositive motions by the Defendant.

Because the court has ruled on the pending Motion to Dismiss, the court's Order Granting Unopposed Motion to Stay (Docket Entry No. 19) is **LIFTED**.  The discovery cut-off is extended to April 14, 2017.  The joint pretrial order is due May 5, 2017, and docket call will be held on May 12, 2017, at 3:00 p.m.

**SIGNED** at Houston, Texas, on this 4th day of January, 2017.

                                            SIM LAKE
                        UNITED STATES DISTRICT JUDGE